# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND<br>Maryland Department of the<br>Environment<br>1800 Washington Blvd.<br>Baltimore, Maryland 21230 | *<br><br>*<br><br>* |
| Plaintiff, | * |
| v. | * |
| SCOTT PRUITT, in his official capacity<br>as Administrator of the United States<br>Environmental Protection Agency; and the<br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460 | *<br><br>*    Civil Action No.<br><br>*<br><br>*<br><br>* |
| Defendants. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, the State of Maryland, by and through the Maryland Department of the Environment and its attorneys, files this Complaint for injunctive relief against Defendants, Scott Pruitt, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), and the EPA, and alleges as follows:

## PRELIMINARY STATEMENT

The State of Maryland, through the Maryland Department of the Environment, brings this civil action against Defendants to obtain an order requiring Defendants to perform their nondiscretionary duty under the federal Clean Air Act, 42 U.S.C. §§ 7401 through 7671q (the "Act"), to either approve or deny a petition submitted by Maryland to the EPA on November 16, 2016 pursuant to § 126 of the Act, 42 U.S.C. § 7426(b). The petition asks the EPA to issue a finding that 36 electric generating units located in Indiana, Kentucky, Ohio, Pennsylvania, and West Virginia are in violation of the prohibition of 42 U.S.C. § 7410(a)(2)(D)(i), commonly referred to as the "good neighbor provision." The petition alleges that nitrogen oxides emitted by these units significantly contribute to Maryland's nonattainment, or interfere with its maintenance of certain National Ambient Air Quality Standards ("NAAQS"). Section 126(b) of the Act requires the Administer of the EPA to act on such petition within 60 days of receipt. Maryland hereby seeks an order requiring Defendants to provide for a public hearing with regard to Maryland's § 126 petition, and to either make the requested finding or deny the § 126 petition within sixty (60) days.

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action pursuant to § 304(a)(2) of the Act, 42 U.S.C § 7604(a)(2).

2. By letter dated July 20, 2017, Maryland gave notice of its intention to bring this action to the Administrator of the EPA, and the Attorney General of the United States, as required by § 304(a)(2) of the Act, 42 U.S.C. § 7604(b)(2). A copy of the July 20, 2017 letter is attached hereto as Exhibit 2.

3. Sixty days have passed since the notice was served, the violations complained of in the notice letter are continuing, and the Defendants remain in violation of the Act.

4. Venue in this District is proper pursuant to § 304(a) of the Act, 42 U.S.C. § 7604(a), and 28 U.SC. § 1391(e).

## PARTIES

5. Plaintiff, the State of Maryland, is a sovereign entity that brings this action on behalf of its citizens and residents. The Plaintiff is also a "person" authorized to commence a civil action under the Act. 42 U.S.C. § 7602(e). The State of Maryland, through the Maryland Department of the Environment, has been working on the issue of transported pollution for over twenty years, and has consistently informed the EPA that the reduction of transported pollutants will be necessary for Maryland to attain and maintain the Ozone NAAQS and protect the health of its citizens.

6. Defendant Scott Pruitt is the Administrator of the EPA and is sued in his official capacity. The Administrator is charged with implementation and enforcement of

the Act, including the requirements to hold a public hearing on the § 126 petition and to make timely the requested finding or deny the petition. 42 U.S.C. § 7426(b).

7. Defendant, the EPA, is an executive agency of the federal government charged with implementing and enforcing the Act, in coordination with the States.

## STATUTORY FRAMEWORK

8. Section 108(a) of the Act, 42 U.S.C. § 7408(a), requires the Administrator of the EPA to identify and promulgate air quality criteria for each air pollutant which may endanger public health or welfare when emitted, and which results from numerous or diverse mobile or stationary sources. For each such "criteria pollutant", the EPA must promulgate NAAQS to protect the public health and welfare. 42 U.S.C. § 7409. Pursuant to §§ 108 and 109 of the Act, the EPA has identified and promulgated NAAQS for carbon monoxide, particulate matter, sulfur dioxide, and ozone. *See generally* 40 C.F.R. §§ 50.8, 50.13, 50.15, & 50.17 – 50.19.

9. Under § 107(d) of the Act, 42 U.S.C. § 7407(d), each state is required to designate those areas within its boundaries where the air quality is better or worse than the NAAQS for each criteria pollutant, or where the air quality cannot be classified due to insufficient data. An area that meets the NAAQS for a particular pollutant is an "attainment" area. *Id*. An area that does not meet the NAAQS is a "non-attainment" area. *Id*. An area that does not meet the NAAQS for ozone may also be classified into

one of five categories: marginal, moderate, serious, severe, or extreme, based on the severity of the air quality problem.  *See* 42 U.S.C. § 7511(a).

10.     Areas are assigned dates, in accordance with their nonattainment classification, by which they must demonstrate attainment of the NAAQS.  *Id*.  Areas with "higher" nonattainment classifications are subject to more numerous and/or more stringent mandatory pollution control and planning requirements than areas with "lower" classifications.  *Id*.  Areas that fail to timely demonstrate attainment are "bumped up" to the next highest classification, requiring implementation of more stringent pollution control requirements.  42 U.S.C. § 7511(b)(2).

11.     The Act requires Maryland to prepare and implement a State Implementation Plan ("SIP"), which must be approved by the EPA, to provide for the attainment and maintenance of the NAAQS through control programs directed at the sources of the relevant pollutants.  42 U.S.C. § 7410(a)(1).

12.     Section 110(a)(2)(D) of the Act, commonly referred to as the "good neighbor provision," provides that "[e]ach implementation plan submitted by a State under this chapter shall … contain adequate provisions (i) prohibiting, consistent with the provisions of this subchapter, any source or other type of emissions activity within the State from emitting any air pollutant in amounts which will (I) contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any

such national primary or secondary ambient air quality standard," and shall "contain adequate provisions … (ii) insuring compliance with the applicable requirements of sections 7426 and 7415 of this title (relating to interstate and international pollution abatement)." 42 U.S.C. § 7410(a)(2)(D).

13. Pursuant to § 126 of the Act, "[a]ny State or political subdivision may petition the Administrator for a finding that any major source or group of stationary sources emits or would emit any air pollutant in violation of the prohibition of section 7410(a)(2)(D)(ii) of this title or this section." 42 U.S.C. § 7426(b).

14. Section 126(b) requires that "[w]ithin 60 days after receipt of any petition under this subsection and after public hearing, the Administrator *shall* make such a finding or deny the petition." 42 U.S.C. § 7426(b) (emphasis added).

15. Section 126(c) provides that "it shall be a violation of this section and the applicable implementation plan in such State … (2) for any major existing source to operate more than three months after such finding has been made with respect to it. The Administrator may permit the continued operation of a source referred to in paragraph (2) beyond the expiration of such three-month period if such source complies with such emission limitations and compliance schedules (containing increments of progress) as may be provided by the Administrator to bring about compliance with the requirements contained in section 7410(a)(2)(D)(ii) of this title or this section as expeditiously as

practicable, but in no case later than three years after the date of such finding." 42 U.S.C. § 7426(c).

16. A person, including a State government, may commence a civil action against the Administrator of the EPA 60 days after giving notice of such action to the Administrator where there is an alleged failure of the Administrator to perform any act or duty under the Act which is not discretionary.  42 U.S.C. § 7604(a)(2) & (b)(2).

## FACTUAL ALLEGATIONS

17. Ozone is a colorless, odorless gas that forms when other atmospheric pollutants know as ozone "precursors," such as volatile organic compounds and nitrogen oxide, react in the presence of heat and sunlight.

18. The EPA has found significant negative health effects in individuals exposed to elevated levels of ozone, including lung tissue damage and aggravation of existing conditions, such as asthma, bronchitis, heart disease, and emphysema.  Exposure to ozone has also been linked to premature mortality and harm to vegetation and ecosystems, including commercial crops.  76 Fed. Reg. 48208, 48218 (Aug. 8, 2011).

19. Pursuant to its responsibilities under the Act, the EPA revised the ozone NAAQS on March 27, 2008 ("2008 Ozone NAAQS") and again on October 26, 2015 ("2015 Ozone NAAQS").  73 Fed. Reg. 16,436 (March 27, 2008); 80 Fed. Reg. 65292 (Oct. 26, 2015).

20.     To reduce the harmful effects of ozone, Maryland has implemented a stringent set of local ozone controls, regulating power plants, factories, and motor vehicles within the State.  The significant costs of compliance with these important controls have been borne by Maryland residents and businesses.

21.     Despite significant emissions reductions achieved through Maryland's in-state controls, the EPA has designated three nonattainment areas within Maryland under the 2008 Ozone NAAQS, 40 C.F.R. § 81.321, and it is anticipated that the EPA will designate three nonattainment areas in Maryland under the 2015 Ozone NAAQS, once it completes its designations.

22. Nitrogen oxide emissions from out-of-state power plants react with other chemicals in the atmosphere to form ozone, and move on the prevailing winds into Maryland. The EPA has acknowledged that Maryland's ozone attainment problems are due in large part to transported pollution from other states.[1] Data from the EPA's own modeling tracking contributions of ozone from each state to each of Maryland's monitoring sites estimate that approximately 50% of Maryland's ozone problem is caused by the transport of pollutants from upwind states, including Indiana, Kentucky, Ohio, Pennsylvania, and West Virginia.[2] In addition, research by the Maryland Department of the Environment—utilizing actual air quality measurements from an aloft research monitor located in western Maryland, direct scientific aircraft measurements, and measurements from research balloons—shows that on certain days where ozone levels within Maryland exceed the NAAQS, approximately 70% of Maryland's ozone readings originate from upwind states.

---

[1] *Response to Significant Comments on the State and Tribal Designation Recommendations for the 2008 Ozone National Ambient Air Quality Standards (NAAQS)*, Docket # EPA-HQ-OAR-2008-0476, p.12 (Apr. 2012) ("However, EPA acknowledges that a large part of the ozone problem for eastern states like Maryland, Delaware, and others is due to long range transport of ozone from upwind states in the mid-west and south.").

[2] *Air Quality Modeling Final Rule Technical Support Document,* Docket # EPA-HQ-OAR-2009-0491, Table F-1c, Contribution metrics for 8-hour ozone 2012 maintenance receptors - part 1, Page F-3 (June 2011).

23. By the EPA's own projections, transported pollutants from Indiana, Kentucky, Ohio, Pennsylvania, and West Virginia will continue to significantly contribute to Maryland's inability to comply with the ozone NAAQS, even after full implementation of the Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS.[3] *See* 81 Fed. Reg. 74504 (Oct. 26, 2016); 80 Fed. Reg. 75706-1, 75725-26 (Dec. 3, 2015).

24. On November 16, 2016, Maryland served the EPA with a petition pursuant to § 126 of the Act, requesting that the EPA make a finding that 36 electric generating units located in Indiana, Kentucky, Ohio, Pennsylvania, and West Virginia are emitting nitrogen oxides in violation of the prohibition of 42 U.S.C. § 7410(a)(2)(D)(i),[4] by significantly contributing to nonattainment, or interfering with Maryland's maintenance, of the 2008 and the revised 2015 Ozone NAAQS. A copy of Maryland's § 126 petition is attached hereto as Exhibit 1.

25. Maryland's § 126 petition, including its technical support appendices,

---

[3] The Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS is currently subject to judicial review in the United States Court of Appeals for the District of Columbia Circuit, Case No. 16-1406, consolidated.

[4] The text of 42 U.S.C. § 7426(b) cross references Clean Air Act section 7410(a)(2)(D)(ii) instead of § 7410(a)(2)(D)(i). The courts have confirmed that this is a scrivener's error and the correct cross reference is to § 7410(a)(2)(D)(i). *See* Appalachian Power Co. v. EPA, 249 F.3d 1032, 1040-44 (D.C. Cir. 2001).

demonstrates that interstate transport of air pollution from the 36 electric generating units is significantly contributing to Maryland's nonattainment, or interfering with Maryland's maintenance, of the 2008 and 2015 Ozone NAAQS in violation of §§ 126 and 110 of the Act.

26. The EPA failed to hold a public hearing on the petition, and similarly failed to either make the requested finding or deny Maryland's petition within 60 days of the petition's receipt.

27. Instead, on January 3, 2017, the EPA gave itself a 6-month extension of time to act on the petition pursuant to 42 U.S.C. § 7607(d)(10), and declared that its new deadline to act on the petition was no later than July 15, 2017. 82 Fed. Reg. 22-01 (Jan. 3, 2017).

28. The EPA failed to hold a public hearing on the petition, and similarly failed to act on Maryland's petition by July 15, 2017.

29. On July 20, 2017, Maryland sent a citizen suit notice letter, pursuant to 42 U.S.C. § 7604, by certified mail to defendant Administrator Pruitt, notifying him of Maryland's intention to commence a suit against him in his official capacity and against the EPA for their failure to timely perform their nondiscretionary duty to act on Maryland's petition. Ex. 1.

30. According to the United States Postal Service receipt, Administrator Pruitt

received the 60-day notice letter on July 24, 2017.  A copy of the certified mail, return receipt is attached hereto as Exhibit 3.

31. Despite the passage of more than 283 days since the EPA's receipt of Maryland's § 126 petition, and more than 60 days since EPA's receipt of the notice letter, Defendants have failed to take action on the petition, and failed to hold the required public hearing, in contravention of their nondiscretionary duty to act pursuant to 42 U.S.C. § 7426.

## COUNT I
### Violation of 42 U.S.C. § 7426
### (Ongoing Failure to Perform a Nondiscretionary Duty to Timely Take Action on a § 126 Petition)

32. The State of Maryland incorporates by reference the allegations set forth in paragraphs 1-31 as though fully set forth herein.

33. Defendants had a nondiscretionary legal duty to hold a public hearing on Maryland's § 126 petition and to either make the requested finding or to deny the petition within 60 days of its receipt.  42 U.S.C. § 7426(b).

34. Defendants' failure to hold a public hearing and to either make the requested finding or deny Maryland's § 126 petition within 60 days of receipt constitute violations of 42 U.S.C. § 7426(b), which continue each day Defendants fail to act on the petition.

35. These violations constitute a "failure of the Administrator to perform any act or duty under [42 U.S.C. §§ 7401 through 7671q] which is not discretionary with the Administrator," pursuant to 42 U.S.C. § 7604(a)(2).

36. Pursuant to 42 U.S.C. § 7604(a), the Administrator is subject to an order issued by this Court requiring performance of the nondiscretionary duty.

37. The Administrator's inaction on Maryland's § 126 petition has harmed and continues to harm the State and its citizens and residents, by delaying action to address interstate transport of air pollution that significantly contributes to Maryland's nonattainment, and interferes with its maintenance, of the 2008 and 2015 Ozone NAAQS.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the State of Maryland, by and through undersigned counsel, respectfully requests that this Court enter judgment in its favor against Defendants granting the following relief:

A. Declare that Defendants are in violation of § 126 of the Act for failing to timely hold a public hearing with regard to Maryland's § 126 petition, and for failing to timely make the requested finding or to deny the petition;

B. Order Defendants to (1) hold a public hearing on Maryland's § 126 petition within thirty (30) days, and (2) make the requested finding or deny the § 126 petition,

after considering comments from the public hearing, within sixty (60) days;

C. Award the State the costs of litigation, including reasonable attorneys' fees, pursuant to § 304(d) of the Act, 42 U.S.C. § 7604(d);

D. Retain jurisdiction over this matter until such time as Defendants have made the finding requested by Maryland's § 126 petition or denied the petition; and

E. Award such other relief as the Court deems just and equitable.

Respectfully Submitted,


BRIAN E. FROSH
Attorney General of Maryland


*/s/ Michael F. Strande*
MICHAEL F. STRANDE
Assistant Attorney General
Maryland Department of the Environment
1800 Washington Boulevard, Suite 6048
Baltimore, Maryland 21230
Phone (410) 537-3421
Fax (410) 537-3943
michael.strande@maryland.gov
Federal Bar No. 30039


Attorneys for the State of Maryland